**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mathew Jager, | No. CV-17-08109-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

Pending before the Court is the Report and Recommendation ("R&R") (Doc. 31) from the Magistrate Judge recommending that the Petition for Writ of Habeas Corpus in this case be denied. Petitioner has filed objections to the R&R. (Doc. 34).

## I. Review of R&R

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are

not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); see also 28 U.S.C. § 636(b)(1) ("the court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made."). Accordingly, the Court will review the portions of the R&R to which Petitioner objected de novo.

## II. R&R

The R&R summarized the facts underlying this case as follows. On May 6, 2012, Petitioner was placed on lifetime probation. (Doc. 31 at 1-2). Thereafter, following a warrantless search of Petitioner's residence, Petitioner was arrested due to items found in the residence. (*Id.* at 2). Following his arrest, at the detention facility, Petitioner was required by the probation officer to provide a urine sample. (*Id.*). The sample tested positive for methamphetamine. (*Id.*).

Petitioner later pleaded guilty. (*Id.* at 3-4). As the R&R recounts: "During the May 9, 2016, change of plea hearing, Petitioner's attorney recited the following factual basis for his plea: '[O]n or about December 3, 2015, in the Verde Valley Justice Court jurisdiction in Yavapai County, that Mathew Jager used methamphetamine, he knew it was methamphetamine and it was a usable amount.' (Doc. 26-2, Ex. JJ, at 258.)." (Doc. 31 at 4, n. 2).

The R&R summarized the claim in this case as follows: "On September 19, 2017, Petitioner filed an Amended Petition alleging he was 'denied his Fifth Amendment right' against self-incrimination when he was 'compelled' to provide a urine sample as a term of probation that was later used against him in a criminal prosecution. (Doc. 13.)." (Doc. 31 at 3).

The R&R recommends that this Court find that, by pleading guilty, Petitioner waived his right to bring this claim. (Doc. 31 at 3-5) (citing "*See United States v. Caperell*, 938 F.2d 975, 977 (9th Cir. 1991) (a guilty plea generally waives all claims of a constitutional nature occurring before the plea); *Haring v. Prosise*, 462 U.S. 306, 321 (1983) ('[W]hen a defendant is convicted pursuant to his guilty plea rather than a trial, the

validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on the evidence that may have been improperly seized.'); *Ortberg v. Moody*, 961 F.2d 135, 136-38 (9th Cir. 1992) (petitioner's guilty plea barred habeas consideration of claims, which included claim of an unlawful search).")

### III. Factual Objections

Petitioner objects to a one fact; specifically, Petitioner argues: "The magistrate [judge] made an unsupported factual finding that the search of the residence uncovered a 'usable amount of methamphetamine'." (Doc. 34 at 1). Respondent replied to this objection. (Doc. 35). Preliminarily, Respondent argues that Petitioner cannot raise this issue for the first time in his reply. On the merits, Respondent argues, "Jager argues for the first time to the characterization that he pled guilty to a 'usable amount' of methamphetamine found in his residence. (Objection, at 1.) However, that language was directly derived from his counsel's recitation of the factual basis for Jager's plea of guilt and therefore a supported factual finding. (Report, at 2; Answer at 3.).") (Doc. 35 at 2).

In an effort to determine whether this objection is material to this case, the Court has read the plea agreement, the change of plea transcript and the sentencing transcript on this charge. (Doc. 26-2 at 248-276; Doc. 26-1 at 11-15). In both transcripts and the plea agreement, the charge is consistently referred to as "possession *or* use of dangerous drugs, methamphetamine." (Doc. 26-2 at 250) (emphasis added). The factual basis quoted above from the change of plea hearing supports both theories of the offense. Moreover, as to the "use" factual basis, it would seem impossible for Petitioner to have used methamphetamine without also possessing it. Thus, regardless of whether the possession stemmed from the methamphetamine found at the residence (or in the purse) or some other methamphetamine that was already used by the time of the search, Defendant admitted to possessing and using methamphetamine. As a result, this objection is overruled.

### IV. Legal Objections

As indicated above, the R&R recommends this Court find that Petitioner's claims

in this case were waived when he pleaded guilty. The R&R notes:

> "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "He may only attack the voluntary and intelligent character of the guilty plea." *Id*.

(Doc. 31 at 4). The R&R went on to note:

> Although Petitioner does not assert there was a defect in the Indictment, that claim would also be waived. *See Reel v. Ryan*, CV 12-8084-JAT, 2013 WL 2284988, at *6 (D. Ariz. 2013) ("Under *Tollett*, Petitioner broke the chain of events by pleading guilty and cannot now make claims based on defects in the indictment….)").

(Doc. 31 at 5, n.4).

Here, Petitioner does not challenge the voluntary and intelligent character of his plea. He takes issue with the law, essentially arguing that if the state or his counsel made any error prior to his plea, then Petitioner may still raise that challenge. (Doc. 34 at 3). However, this is the exact opposite of the holding in *Tollett*. *Tollett* was dealing with Petitioner's exact scenario, where there was an alleged error prior to the plea. And *Tollett* held that the claim was waived after the plea. Therefore, Petitioner's legal objection is without merit and it is overruled.

**V. Conclusion**

The Court having reviewed Petitioner's objections de novo, and having overruled them,

**IT IS ORDERED** that the Report and Recommendation (Doc. 31) is accepted and adopted and the Clerk of the Court shall enter judgment denying and dismissing the Petition, as amended, with prejudice.

///
///
///
///
///
///

| | |
|---|---|
| 1 | **IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing |
| 2 | Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a |
| 3 | certificate of appealability because dismissal of the petition is based on a plain procedural |
| 4 | bar and jurists of reason would not find this Court's procedural ruling debatable, *see Slack* |
| 5 | *v. McDaniel*, 529 U.S. 473, 484 (2000), and Petitioner has not made a substantial showing |
| 6 | of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2). |
| 7 | Dated this 8th day of April, 2019. |

James A. Teilborg
Senior United States District Judge