**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mathew Jager,<br><br>   Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>   Respondents. | No. CV-17-08109-PCT-JAT<br><br>**ORDER** |

On April 8, 2019, this Court entered an Order and Judgment denying and dismissing the Petition in this case. (Docs. 36 and 37). On May 3, 2019, Petitioner filed a Motion pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 38).

In his Motion, Petitioner basically makes two arguments: 1) he is subject to the rule of lenity; and 2) he seeks an evidentiary hearing. *Id.* Regarding the evidentiary hearing, for the reasons stated in the Report and Recommendation (Doc. 31 at 5), the Court continues to conclude that an evidentiary hearing is not necessary in this case.

Regarding the rule of lenity, Petitioner did not raise this theory of relief previously; therefore, it is waived. *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). Moreover, the fact that Petitioner's factual basis for his plea agreement supports multiple theories of committing an offense does not entitle Petitioner to relief under the rule of lenity. Specifically, "[t]he rule of lenity provides that 'ambiguity

concerning the ambit of criminal statutes should be resolved in the favor of lenity.'" *United States v. LeCoe*, 936 F.2d 398, 402 (9th Cir. 1991) (citation omitted). Here, there is no ambiguity in the statute; thus, the rule of lenity does not provide a basis for petitioner to seek relief.

Based on the foregoing,

**IT IS ORDERED** that the Motion to Alter or Amend Judgment (Doc. 38) is denied.

**IT IS FURTHER ORDERED** that to the extent a ruling on a certificate of appealability is required,[1] a certificate of appealability is denied.

Dated this 28th day of May, 2019.

James A. Teilborg
Senior United States District Judge

---

[1] *See Johnson v. Montgomery*, No. LA CV 13-07189-VBF, 2014 WL 7338824, at *6 (C.D. Cal. Dec. 15, 2014) (*United States v. Parada*, 555 F. App'x 763, 765 (10th Cir. 2014) (holding that AEDPA requires a petitioner to obtain a COA before he can appeal the denial of any final order in a habeas corpus proceeding, *including a motion for reconsideration under Rule 59(e)*) (emphasis added) (citing *United States v. Cobb*, 307 F. App'x 143, 144–45 (10th Cir. 2009) and 28 U.S.C. § 2253(c)(1)(B)) (internal quotations omitted).